UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DEBOARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01864-TWP-KMB |
| ) | |
| UNION AT CRESCENT, LP, ) | |
| THE ANNEX GROUP, LLC, ) | |
| MECCA COMPANIES, INC., d/b/a THE ) | |
| ANNEX GROUP, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL INSPECTION OF PROPERTY**

Currently pending before the Court is Plaintiff's Motion to Compel Inspection of Property. [Dkt. 22.] For the reasons detailed below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Compel.

## I. RELEVANT BACKGROUND

Plaintiff David DeBoard filed this case against Defendants Union at Crescent, LP, The Annex Group, LLC, and Mecca Companies, Inc. (collectively, the "Union Defendants"), alleging violations of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"). [Dkt. 1.] Mr. DeBoard alleges that the Union Defendants failed to design and construct the Union at Crescent apartment complex in Bloomington, Indiana (the "Property") with accessible and useable features for persons with disabilities. [*Id.* at 1-2, ¶¶ 1-3.] The Parties have been unable to come to an agreement regarding the scope and timing of an inspection of the Property. Mr. DeBoard seeks an inspection consisting of two of each type of unit as well as all other FHA- and ADA-covered aspects of the Property. [Dkts. 22 at 4; 28 at 6.] The Union Defendants propose a

narrower inspection, limiting Mr. DeBoard to those barriers specifically encountered and detailed in the Complaint, and in the alternative, to barriers specific to Mr. DeBoard's disability.[1]  [Dkt. 23 at 5-8.]

## II.     APPLICABLE STANDARD

Federal Rule of Civil Procedure 34 provides that a party may request permission to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a)(2).  A request for inspection must comply with Federal Rule of Civil Procedure 26, which allows Parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," though the requested discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information "need not be admissible in evidence to be discoverable."  *Id.*  The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery.  *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and internal quotation marks omitted) (emphasizing that district courts "enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case").

---

[1] Mr. DeBoard states that he is a "handicapped individual that uses a wheelchair."  [Dkt. 1 at 2 ¶ 3.]

### III. DISCUSSION

Mr. DeBoard requests that his expert be permitted to inspect "all FHA-covered aspects of the Property," including "two of each type of typical unit and one of each type of unit that is modified to meet local code requirements for ANSI Type A accessibility" as well as "the public and common areas accessible to residents." [Dkt. 22 at 4.] Mr. DeBoard argues that the broad remedial purpose of the FHA—which he asserts allows a plaintiff to pursue and obtain injunctive relief to remedy all barriers found at a property, not just those he personally encountered—supports his position that a more expansive inspection is appropriate. [*Id.* at 5-7.] Mr. DeBoard also argues that limiting the scope of the inspection would be impractical and inefficient, potentially resulting in piecemeal inspections or litigation. [*Id.* at 7-8.] Finally, Mr. DeBoard asserts that the legislative intent of the FHA supports a broader inspection, as it was "expressly designed to incentivize private plaintiffs to bring lawsuits to enforce compliance with design and construction requirements to benefit disabled persons and the public." [*Id.* at 8-10.]

The Union Defendants do not object to an inspection in its entirety, but they propose a narrower inspection than that sought by Mr. DeBoard. [Dkt. 23 at 2, 5-8.] The Union Defendants argue that Mr. DeBoard should be able to inspect only barriers as specifically encountered and detailed in his Complaint or, in the alternative, to inspect only those barriers specific to his disability. [*Id.*] The Union Defendants assert that Mr. DeBoard's request for inspection is not proportional to the needs of the case because it would allow for an inspection "of an unspecified duration for any and all potential FHA and ADA violations, which could consequently include alleged violations that are completely unrelated to the physical challenges [Mr. DeBoard] allegedly experienced (or at least referenced in his Complaint)." [*Id.* at 3.] This includes violations that— in the Union Defendants' view—Mr. DeBoard does not have standing to challenge. [*Id.* at 4-8.]

3

In reply, Mr. DeBoard disagrees with the Union Defendants' position that limiting the inspection to barriers related to his disability is required. [Dkt. 28 at 6.] Rather than narrowing the scope of the inspection, Mr. DeBoard asserts that any argument that a certain barrier does not affect a wheelchair user may be made at the merits stage of this litigation. [*Id.*] Mr. DeBoard further asserts that the inspections "are not intrusive and no personal property is disturbed," and though he is unable to "precisely determine the duration of the inspection," the entirety of the inspection should take no longer than one calendar day "absent some unanticipated delay." [*Id.* at 5.]

The Seventh Circuit has not addressed the appropriate scope of property inspections in FHA cases, and there is not a wealth of analogous caselaw from other courts providing guidance on the issue presented by the pending motion. Mr. DeBoard urges the Court to follow a handful of more recent FHA cases in which various district courts have concluded that such inspections are permissible and should not be limited in the manner the Union Defendants request. [Dkt. 22 at 5-8.] Mr. DeBoard primarily relies on *Morgan v. Parc Plaza Development, L.P.*, holding that a property inspection should not be limited only to the areas initially observed by the plaintiff and reasoning that the broad remedial intent of the FHA supports a broader inspection and to hold otherwise may result in multiple lawsuits. 2018 WL 11211461, at *3-4 (N.D. Tex. Feb. 8, 2018). *See also Reed v. Brewery Master Tenant, LLC*, 2019 WL 1548903, at *4 (W.D. Tenn. Apr. 9, 2019) (holding that a full inspection of the property was appropriate in light of the "broad remedial purposes of the FHA"); *Bowman v. Prida Constr., Inc.*, 2020 WL 6688612, at *1, 5 (S.D. Tex. Oct. 8, 2020) (holding that a plaintiff could obtain injunctive relief to remedy all barriers discovered through the course of litigation, not just those he personally encountered).

The Union Defendants do not attempt to distinguish the FHA cases cited by Mr. DeBoard, instead urging the Court to draw from precedent regarding the permitted scope of inspections in cases alleging violations of the ADA. [Dkt. 23 at 4.] The Union Defendants point to a case from the Southern District of Florida holding that a disabled plaintiff alleging mobility-related barriers did not have standing to complain about alleged barriers of which he was unaware at the time he filed the complaint and, accordingly, was not permitted to inspect the property to determine whether there were barriers other than those previously specified. *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1217-18 (S.D. Fla. 2010). The Union Defendants also rely on an ADA case from the Ninth Circuit Court of Appeals upholding the district court's ruling that an inspection request should be limited to the sites relevant to the claims alleged by the plaintiff in the complaint. *Peters v. Winco Foods, Inc.*, 151 F. App'x 549, 550 (9th Cir. 2005). As Mr. DeBoard raises in reply, however, there is contrary, more recent Ninth Circuit precedent upholding discovery of all barriers related to a plaintiff's disability, not only those raised in the complaint. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) ("The scope of discovery and claims should then naturally permit challenge to any barriers to use related to that person's disability."). In the alternative, should the Court disagree with such a limitation, the Union Defendants point to ADA caselaw from various district courts supporting the argument that an inspection should be limited to only those violations that relate to Mr. DeBoard's specified disability. *See Wiele v. Zenith Arizona, Inc.*, 278 F.R.D. 477 (D. Ariz. 2012); *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188 (M.D. Pa. 2011); *Hoewischer v. Deerwood Vill. Mall, LLC*, 281 F.R.D. 665 (M.D. Fla. 2011).

The Court finds the reasoning in *Morgan* and other FHA cases cited by Mr. DeBoard to be persuasive here and holds that an inspection of the Property need not be limited to violations specifically alleged in the Complaint. Allowing for a broader inspection is consistent with the

remedial purpose of the FHA and the principles governing discovery in federal court, which recognize that discovery is not limited to evidence sure to be admissible but rather extends to "*any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.*" Fed. R. Civ. P. 26(b)(1) (emphasis added). Nor does the Court find that a broader inspection is disproportionate to the needs of the case. The Union Defendants have not argued that they will be responsible for any monetary cost associated with the inspection, or that they will be significantly burdened by an inspection broader than the narrow version they propose. Instead, the Union Defendants' arguments in response to Mr. DeBoard's motion almost exclusively rely on questions they raise regarding Mr. DeBoard's standing to challenge or recover for alleged violations, which is not an issue presently before the Court in the pending discovery motion.

The Court similarly rejects the Union Defendants' proposed limitation on the inspection to those violations specific to Mr. DeBoard's disability. Mr. DeBoard's expert will already be conducting an inspection of the Property, and observation of violations that may not impact a wheelchair user will not substantially add to the burden imposed on the Union Defendants. Any argument the Union Defendants wish to make regarding Mr. DeBoard's standing to challenge or recover for certain barriers identified during the inspection should be raised separately via substantive motion at the appropriate time.

While the Court acknowledges that an inspection of the Property will likely cause some disruption to the Property's staff and residents, this inconvenience will be appropriately limited by the Court's decision below regarding the limited number of units to be inspected and that the full inspection shall be limited to one calendar day. Specifically, while the Court agrees with Mr. DeBoard on most of the scope of his discovery request, it does not agree that it is necessary for his expert to view "two of each type of typical unit." [Dkt. 22 at 4.] Mr. DeBoard argues that the

6

inspection of two units is necessary to "confirm[] that the building practices, layout and overall construction is consistent throughout the project," and that the inspections are "not intrusive." [*Id.*; Dkt. 28 at 5.] Such an inspection necessarily requires the temporary occupation of the Property, and most (if not all) of the units to be inspected are occupied and presumably contain residents' personal belongings. To allow for the inspection of one of each type of unit rather than two balances Mr. DeBoard's need for discovery with the disruption to the Union Defendants' operations caused by the inspection.

For these reasons, the Court finds that Mr. DeBoard's expert may inspect one of each type of unit as well as other aspects of the Property subject to the FHA and ADA. If any of the Parties have reason to believe that the particular unit to be inspected does not represent a "typical" unit of that type, they should meet and confer to attempt to resolve the issue before raising it with the Court. The Court further finds that the inspection shall be completed in one calendar day, which Mr. DeBoard has repeatedly represented should be an adequate amount of time. [Dkt. 28 at 3, 5.]

### IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Compel Inspection of Property. [Dkt. 22.] Mr. DeBoard's expert may conduct an inspection of the Property consistent with this Order, including one of each type of unit as well as other aspects of the Property subject to the FHA and ADA. The Parties shall promptly meet and confer to discuss scheduling of an inspection consistent with this Order, which shall be limited to one calendar day.

**SO ORDERED.**

Date: 4/13/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Azza Ben Moussa
LEWIS WAGNER, LLP
abenmoussa@lewiswagner.com

Eric G. Calhoun
CALHOUN & ASSOCIATES
eric@ecalhounlaw.com

Ryan R. Frasher
THE FRASHER LAW FIRM, P.C.
ryan.frasher@atg.in.gov

Janelle P. Kilies
LEWIS WAGNER, LLP
jkilies@lewiswagner.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com