UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID DEBOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01864-TWP-KMB |
| | ) | |
| UNION AT CRESCENT, LP, | ) | |
| THE ANNEX GROUP, LLC, | ) | |
| MECCA COMPANIES, INC., d/b/a THE | ) | |
| ANNEX GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Presently pending before the Court is Plaintiff David DeBoard's Motion for Leave to File First Amended Complaint. [Dkt. 42.] Mr. DeBoard moves for leave to file a First Amended Complaint "to clarify that Plaintiff suffered injuries independent of Defendants' failure to design and construct the Property to meet the minimum accessibility requirements of the [Fair Housing Act ("FHA")] and that Plaintiff was offered a unit to rent." [Dkt. 42 at 2.]

Defendants oppose Mr. DeBoard's motion because they contend that he seeks "to add allegations he could have made when he sued ten months ago." [Dkt. 45 at 1.] They further contend that Mr. DeBoard's new allegations "only try to preempt a dismissal of his complaint for lack of standing" in light of a recent decision by the Northern District of Indiana concluding that Mr. DeBoard did not have standing to bring the FHA claim asserted in that case. [Dkt. 45 at 1 (citing *DeBoard v. Ventry Apts., LLC*, 2023 WL 4123310, at *1 (N.D. Ind. June 22, 2023)).] Defendants argue that Mr. DeBoard's request is untimely and his stated reasons for seeking leave to amend are inadequate. [Dkt. 45 at 7-8.] If the Court grants Mr. DeBoard's motion, Defendants ask the Court to stay this case until the United States Supreme Court clarifies the limits of the

1

"tester standard" in a case on which it recently granted certiorari.  [Dkt. 45 at 8-9 (referencing *Acheson Hotels, LLC v. Laufer*, 50 F.4th 259 (1st Cir. 2022), *cert. granted*, 143 S. Ct. 1053 (2023)).]

In reply, Mr. DeBoard emphasizes that he sought leave to amend before the deadline to do so as set forth in the applicable Case Management Plan.  [Dkt. 50 at 4.]  He contends that under the applicable legal standard, he must be freely given leave to amend at this point in the litigation. [Dkt. 50 at 2-3.]  Mr. DeBoard objects to the merits of Defendants' alternative stay request and points out that Defendants did not comply with Local Rule 7-1(a), which requires them to file their request as a separate motion.  [Dkt. 50 at 5-6.]

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2).  It provides that in cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  When a motion for leave to amend is filed before the applicable case management deadline, the Court will apply the less stringent standard set forth in Federal Rule of Civil Procedure 15(a), as opposed to the heightened "good cause" standard set forth in Federal Rule of Civil Procedure 16(b).  *Burns v. Summers*, 2023 WL 3244244, at *3 (7th Cir. May 4, 2023).

The applicable Case Management Plan sets forth a deadline of July 28, 2023 for seeking leave to amend the pleadings.  [Dkt. 38 at 3.] Mr. DeBoard filed the pending Motion for Leave on July 18, 2023—ten days before that deadline.  [Dkt. 42.]  He has not previously amended his complaint in this litigation, and the Court agrees that the applicable standard requires it to freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2).  Because the Defendants have not set forth a convincing argument otherwise, the Court hereby grants Mr. DeBoard's

pending motion, such that he will be given leave to file the proposed First Amended Complaint. [Dkt. 42-1.]

As for Defendant's stay request in its response brief, as an initial matter, the Court agrees with Mr. DeBoard that Defendants have not complied with Local Rule 7-1(a) because it is improper to make a separate motion in a response brief unless ordered to do so by the Court, which did not happen here. Setting aside Defendants' procedural misstep, the Court finds that any stay request is premature at this time, given that the only issue currently at bar is whether Mr. DeBoard should be given leave to amend his operative pleading in advance of the Court's deadline to do so. For the reasons set forth above, the Court finds that he should be given such leave. Defendants may answer or otherwise respond to Mr. DeBoard's new operative pleading as they see fit within the boundaries of the Federal Rules of Civil Procedure. Should they find it appropriate to ask for a stay as part of that response, Defendants should fully set forth their arguments in an independent, well-developed motion that may or may not be granted. Defendants should be mindful, however, that a stay request may jeopardize the scheduled settlement conference that all Parties have already agreed to attend. [Dkt. 52.]

For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint. [Dkt. 42.] Plaintiff is **ORDERED** to file his First Amended Complaint, [dkt. 42-1], as a separate filing on the docket **within five (5) days** of this Order.

      **IT IS SO ORDERED.**

      Date: 9/1/2023

                                     *Kellie M. Barr*

                                     Kellie M. Barr
                                     United States Magistrate Judge
                                     Southern District of Indiana

Distribution:

Azza Ben Moussa
abenmoussa@lewiswagner.com

Eric G. Calhoun
CALHOUN & ASSOCIATES
eric@ecalhounlaw.com

Ryan R. Frasher
THE FRASHER LAW FIRM, P.C.
ryan.frasher@atg.in.gov

Janelle P. Kilies
LEWIS WAGNER, LLP
jkilies@lewiswagner.com

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com